KATHERINE L. MATTHEWS
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
999 18th Street, Suite 370
Denver, Colorado 80202
303-844-1365

ALLAN URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-297-2079

Counsel for Plaintiff United States of America

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093

By: Carley A. Doyle
Deputy Attorney General
(609) 376-2735

Counsel for Plaintiffs New Jersey Department of
Environmental Protection and the Administrator of the New Jersey Spill
Compensation Fund

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, and ADMINISTRATOR, NEW JERSEY SPILL COMPENSATION FUND <br><br> Plaintiffs, <br><br> v. <br><br> UNIMATIC MANUFACTURING CORPORATION, CARDEAN, LLC, FRAMEWARE, INC., and PROFILES, LLC, <br><br> Defendants. | Civil Action No. 20-17284 |

## **COMPLAINT**

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorney, acting at the request of the Regional Administrator of the United States Environmental Protection Agency ("EPA") for Region II, the New Jersey Department of Environmental Protection ("NJDEP"), and the Administrator of the New Jersey Spill Compensation Fund ("Administrator") by and through the New Jersey Attorney General file this complaint and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. § 9607 ("CERCLA"), and the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("the Spill Act").

2. The United States seeks recovery of costs incurred in response to releases and threatened releases of hazardous substances into the environment at or from the Unimatic Manufacturing Corporation Superfund Site ("Site"), located in Fairfield, Essex County, New Jersey.

3. NJDEP and the Administrator of the New Jersey Spill Compensation Fund seek certain reimbursement of costs they have incurred and will incur for the discharge of hazardous substances at the Site.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 107 and 113(b) of CERCLA, 42 U.S.C. § 9607 & 9613(b).

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## THE PARTIES

6. The United States is authorized to seek costs of removal or remedial action that may result from an actual or threatened release of a hazardous substance at or from a facility. 42 U.S.C. § 9607(a).

7. NJDEP is a principal department within the Executive Branch of the State of New Jersey, vested with the authority to conserve and protect natural resources, protect the environment, prevent pollution, and protect the public health and safety. N.J.S.A. 13:1D-9.

8. The Administrator is the chief executive officer of the New Jersey Spill Compensation Fund ("the Spill Fund"). N.J.S.A. 58:10-23.11j. As chief executive officer of the Spill Fund, the Administrator is authorized to approve and pay any cleanup and removal costs Plaintiff NJDEP incurs, N.J.S.A. 58:10-23.11f.c & d, and to certify the amount of any claim to be paid from the Spill Fund, N.J.S.A. 58:10-23.11j.d.

9. Defendant Unimatic Manufacturing Corporation ("Unimatic") is a domestic profit corporation organized under the laws of the State of New Jersey, with a business address at 101 Eisenhower Parkway, Roseland, New Jersey 07068, and is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

10. At relevant times, Unimatic owned and operated the Site.

11. Defendant Cardean, LLC ("Cardean") is a limited liability corporation organized under the laws of the State of New Jersey, with a business address at 8 Audrey Place, Fairfield, New Jersey 07004, and is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

12. Cardean currently owns the Site.

13. Defendant Frameware, Inc. ("Frameware") is a domestic profit corporation organized under the laws of the State of New Jersey, with a business address at 8 Audrey Place, Fairfield, New Jersey 07004, and is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

14. At relevant times, Frameware operated at the Site.

15. Defendant Profiles, LLC ("Profiles") is a limited liability corporation organized under the laws of the State of New Jersey, with a business address at 8 Audrey Place, Fairfield, New Jersey 07004, and is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

16. At relevant times, Profiles operated at the Site.

## STATUTORY BACKGROUND

17. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such

abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

    18.    Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

    19.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1)    the owner and operator of a vessel or a facility, [and]
>
> (2)    any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
>     \*   \*   \*

shall be liable for –

(A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . . .

## **GENERAL ALLEGATIONS**

20. The Site consists of 1.23 acres located at 25 Sherwood Lane in Fairfield, Essex County, New Jersey. To manage cleanup operations of the Site, EPA has divided response actions for the Site into portions referred to as "Operable Units."

21. On September 20, 2016, EPA issued a Record of Decision for Operable Unit 1 that called for, among other things, the demolition of the contaminated building and the remediation of the contaminated debris and soil at the Site including three adjacent properties at an estimated cost of $18.1 million. EPA is currently studying the nature and extent of contamination in the groundwater, surface water, and sediments at Operable Unit 2 of the Site.

22. The Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

23. There has been a "release" or a "threatened release" of "hazardous substances" into the "environment" at or from the Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. §§ 9601.

24. In undertaking response actions to address the release or threat of release of hazardous substances at the Site, EPA has incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

25. The United States has incurred at least $8,744,500 as of December 31, 2019, in response costs with respect to the Site that have not been reimbursed. These response costs are not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

## FIRST CLAIM FOR RELIEF
*Cost Recovery Under CERCLA Section 107*

26. Paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

27. Defendant Unimatic is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because it owned or operated a facility at the Site at the time hazardous substances were disposed of at the facility.

28. Defendants Cardean, Frameware, and Profiles are liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), because they own or operate a facility at the Site or under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because they operated a facility at the Site at the time hazardous substances were disposed of at the facility.

29. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants Unimatic, Cardean, Frameware, and Profiles are jointly and severally liable for all Site costs incurred by the United States, including enforcement costs and interest.

## SECOND CLAIM FOR RELIEF
*Cost Recovery Under the Spill Act*

30. Paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

31. Except as otherwise provided in N.J.S.A. 58:10-23.11g12, any person who "has discharged a hazardous substance, or is in any way responsible for any hazardous substance" that is discharged, shall be liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred.  N.J.S.A. 58:10-23.11g.c.(1).

32. Except as otherwise exempted under N.J.S.A. 58:10-23.11g.12, the discharge of hazardous substances is a violation of the Spill Act, for which any person who is the discharger of, or is in any way responsible for, any hazardous substance that is discharged, is strictly liable, jointly and severally.  N.J.S.A. 58:10-23.11g.c.(1).

33. NJDEP has incurred, and may continue to incur, costs as a result of the discharge of hazardous substances at the Site.

34. The costs that NJDEP has incurred and will incur for the Site are "cleanup and removal costs" within the meaning of N.J.S.A. 58:10-23.11b.

35. Defendants Unimatic, Cardean, Frameware, and Profiles are each a "person" within the meaning of N.J.S.A. 58:10-23.11b.

36. Defendants Unimatic, Cardean, Frameware, and Profiles are each a discharger and/or also a person that is in any way responsible for the discharged hazardous substances, and are liable, jointly and severally, without regard to fault, for all cleanup and removal costs that NJDEP has incurred, and will incur, as a result of the discharge of hazardous substances at the Site.  N.J.S.A. 58.10-23.11g.c.(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment in favor of Plaintiffs and against the Defendants, jointly and severally, under Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A), for unreimbursed response costs incurred by the United States relating to the Site, including enforcement costs and prejudgment interest;

b. Enter a declaratory judgment on Defendants' liability that will be binding in any subsequent action for further response costs, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2);

c. Order the Defendants to reimburse Plaintiffs NJDEP and the Administrator, jointly and severally, without regard to fault, for all cleanup and

removal costs Plaintiffs NJDEP and the Administrator have incurred at the Site, with applicable interest;

    d.    Enter a declaratory judgment against the Defendants, jointly and severally, without regard to fault, for all cleanup and removal costs Plaintiffs NJDEP and the Administrator may incur at the Site; and

    e.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

November 27, 2020  /s/Katherine L. Matthews
Dated  KATHERINE L. MATTHEWS
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
999 18th Street, Suite 370
Denver, Colorado 80202
303-844-1365
katherine.matthews@usdoj.gov

CRAIG CARPENITO
United States Attorney
District of New Jersey

ALLAN URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office

970 Broad Street, 7th Floor
Newark, New Jersey 07102
973-297-2079

*Counsel for Plaintiffs United States of America*

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093

November 27, 2020          /s/ Carley A. Doyle
Dated                              CARLEY A. DOYLE
                                       Deputy Attorney General

*Counsel for Plaintiffs New Jersey Department of Environmental Protection and the Administrator of the New Jersey Spill Compensation Fund*

OF COUNSEL:

GERARD BURKE
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway, 17th Floor
New York, NY  10007
(212) 637-3120

## CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

      In accordance with 28 U.S.C. § 1746, I certify that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

                      /s/ Katherine L. Matthews
                      KATHERINE L. MATTHEWS
                      Senior Counsel
                      Environmental Enforcement Section
                      Environment and Natural Resources Division
                      United States Department of Justice
                      999 18th Street, Suite 370
                      Denver, Colorado 80202
                      303-844-1365
                      katherine.matthews@usdoj.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2020, I electronically filed the foregoing *Complaint* with the Clerk of Court using the CM/ECF system and that I have served the following via electronic mail:

Frances B. Stella, Esq.
Brach Eichler, L.L.C.
101 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 403-3149
fstella@bracheichler.com

*Counsel for Defendant Unimatic Manufacturing Corporation*

Stanley B. Green, Esq.
Strauch, Green & Mistretta, P.C.
1752 Heritage Center Drive
Wake Forest, NC 27587
Telephone: (704) 564-9878
sgreen@sgandm.com

*Counsel for Defendants Cardean, LLC, Frameware, Inc., and Profiles, LLC*